IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>            *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave. N.W.<br>Washington, D.C.  20408<br><br>            *Defendant*. | Case No. 23-cv-487 |

**COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant DEPARTMENT OF JUSTICE ("DOJ" or "Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of information from DOJ component the Federal Bureau of Investigation ("FBI") relating to the accuracy of Nellie Ohr's ("Ohr") transcribed interview before two Congressional Committees.  Ohr worked to conduct opposition research for Fusion GPS and is thought to have had a part in creating the now infamous "Steele" dossier.  It has also

1

been alleged that Ohr served as an intermediary between Christopher Steele and Ohr's husband Bruce Ohr who at the time was a senior DOJ official.

## PARTIES

2. Plaintiff, The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, *About Heritage*, *found at* https://www.heritage.org/about-heritage/mission (last visited Feb. 5, 2023). Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public. Heritage operates a national news outlet, *The Daily Signal*.

3. Plaintiff Mike Howell leads the Heritage Foundation's Oversight Project and is an author for *The Daily Signal*. The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight. The requests and analysis of information is informed by Heritage's deep policy expertise.

4. Defendant DOJ is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission is to "uphold the rule of law, to keep our country safe, and to protect civil rights." About DOJ; Our Mission, *found at* https://www.justice.gov/about#:~:text=Mission,and%20to%20protect%20civil%20rights. (last visited Feb. 5, 2022).

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant DOJ's principal place of business is in the District of Columbia.

## PLAINTIFFS' FOIA REQUEST

7. Plaintiffs submitted their FOIA Request on November 2, 2022. FOIA Request No. 1573290 (Nov. 2, 2022) ("Request" or "Plaintiffs' FOIA Request") (Ex. 1).

8. The Request began by explaining that it sought to learn more about an apparent factual contradiction in Ohr's Congressional transcribed interview:

> Nellie Ohr testified to Congress that she obtained her HAM radio license "well before" she was employed by Fusion GPS and that she was employed by Fusion GPS from October 2015 to September 2016. In May 2016, one month after the Hillary Clinton Presidential Campaign hired Fusion GPS to conduct opposition research, Nellie Ohr obtained her HAM radio license.

*Id.* at 1.

9. The Request sought all records from May 1, 2016 to the present that contain any of the following terms:

- "ham radio" AND "ohr"
- "ham radio" AND "nellie"
- "ham radio" AND "fusion gps"

*Id.*

10. The Request sought a fee waiver because of the public interest in instances of potential DOJ politization. *Id.* at 3–4.

## DOJ'S INITIAL DENIAL

11. On November 23, 2022, the FBI denied the Request. Letter from Michael G. Seidel to Mike Howell (Nov. 30, 2022) ("Initial Denial") (Ex. 2). The Initial Denial appears to be a "form" document. It denied the Request in full because: "Your request is overly broad and it does not comport with the requirements of 28 CFR § 16.3(b), as it does not provide enough detail to enable personnel to locate records 'with a reasonable amount of effort.'" *Id.* at 1. The Initial Denial did not pass on the Plaintiffs' application for a fee waiver. *Id.*

## PLAINTIFFS' ADMINISTRATIVE APPEAL

12. Plaintiffs administratively appealed the Initial Denial on December 2, 2022. Administrative Appeal, FOIA No. 1573290 (Dec. 2, 2022) ("Administrative Appeal") (Ex. 3).

13. The Administrative Appeal clearly identified the deficiencies in the Initial Denial:

> Legally "adequate" FBI FOIA queries must include searches of FBI employees' email and all other communications on FBI systems reasonably likely to contain responsive records. Media reports have demonstrated that the subject matter of FOIA Request 1573290-000 was the basis of a Congressional criminal referral to the Department of Justice. Due to these facts, the FOIA Request 1573290-000's requested search terms would invariably have been used in FBI documents and/or communications. The uncommon usage of the requested search terms renders not only the documents and/or communications easily identifiable but greatly limits the number of potential documents containing those terms that would not be relevant to the FOIA request. As such, had an adequate query been run, records would have been identified.

*Id.* at 1.

## APPEAL DECISION AND REMAND

14. On December 15, 2022, the FBI responded to the Administrative Appeal with the following: "After carefully considering your appeal, and as a result of discussions between the FBI personnel and this Office, I am remanding your request to FBI for a search for responsive records." Letter from Christina D. Troiani, at 1 (Dec. 15, 2022) (Ex. 4).

4

15. On December 20, 2022, the FBI informed Plaintiffs that "[w]e have opened your remanded appeal and will inform you of the results in future correspondence" and "[y]our request for a fee waiver is being considered and you will be advised of the decision if fees are applicable." Letter from Michael G. Seidel to Mike Howell (Dec. 20, 2022) (Ex. 5).

16. Plaintiffs have received no further communication from DOJ concerning the Request.

17. Twenty business days from December 20, 2022 is January 20, 2023.

18. Thirty business days from December 20, 2022 is February 3, 2023.

**FIRST CLAIM FOR RELIEF**
**Violation FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records.**

19. Plaintiffs re-allege paragraphs 1–18 as if fully set out herein.

20. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

21. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

22. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

23. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

24. Defendant's failure to conduct searches for responsive records violates FOIA and DOJ regulations.

25. Plaintiffs have a statutory right to the information they seek.

26. Defendant is in violation of FOIA.

27. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

28. Plaintiffs have no adequate remedy at law.

29. Plaintiffs have constructively exhausted their administrative remedies.

### SECOND CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

30. Plaintiffs re-allege paragraphs 1–29 as if fully set out herein.

31. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

32. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

33. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

34. Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

35. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

36. Defendant's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

37. Plaintiffs have a statutory right to the information they seek.

38. Defendant is in violation of FOIA.

39. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

40. Plaintiffs have no adequate remedy at law.

41. Plaintiffs have constructively exhausted their administrative remedies.

### THIRD CLAIM FOR RELIEF
Violation of FOIA, 5 U.S.C. § 552
Wrongful Denial of Fee Waiver

42. Plaintiffs re-allege paragraphs 1–41 as if fully set out herein.

43. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." *Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

44. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

45. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. §16.10(k).

46. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

47. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*.  5 U.S.C. § 552(a)(4)(a)(ii).

48. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

49. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

50. Plaintiffs have a statutory right to a fee waiver.

51. Defendant is in violation of FOIA by denying a fee waiver.

52. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

53. Plaintiffs have no adequate remedy at law.

54. Plaintiffs have constructively exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

55. Plaintiffs re-allege paragraphs 1–54 as if fully set out herein.

56. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

57. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

58. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

59. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

60. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

61. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

62. Defendant has not determined "more than 5,000 pages are necessary to respond to this request," or discussed with Plaintiffs how Plaintiffs "could effectively limit the scope of the request." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(cc).

63. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request. Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

64. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

65. Plaintiffs have no adequate remedy at law.

66. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

B. Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

C. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Request;

D. Enjoin Defendant from assessing fees or costs for Plaintiffs' FOIA Request;

E. Retain jurisdiction over this matter as appropriate;

F.  Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

G.  Grant such other and further relief as this Court may deem just and proper.

Dated: February 22, 2023                Respectfully submitted,

                                                                      /s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone: (703) 261-4194
Email: samueledewey@sedchambers.com

ROMAN JANKOWSKI
(No. 975348)
The Heritage Foundation
Telephone: (202) 489-2969
Email: Roman.Jankowski@heritage.org

*Counsel for Plaintiffs*